**Dismissed and Memorandum Opinion filed November 14, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00907-CR

---

**MICHAEL LEE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 598372**

---

## M E M O R A N D U M   O P I N I O N

Appellant filed a pro se notice of appeal on August 19, 2013, and the appeal was assigned to this court. On October 23, 2013, the clerk's record was filed. The record contains appellant's 1991 judgment of conviction for unauthorized use of a motor vehicle as a habitual offender. According to the judgment, appellant entered a plea of guilty, and he plead true to two enhancements. On May 20, 1991, the trial court sentenced appellant to confinement for thirty years in prison.

Appellant's notice of appeal is untimely to appeal his 1991 conviction. *See* Tex. R. App. P. 26.2(a). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and it can take no action other than to dismiss the appeal. *Id.*

In his notice of appeal, appellant refers to a petition for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. The record does not contain a petition or application for a writ of habeas corpus, however. Moreover, only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also Board of Pardons & Paroles ex rel. Keene v. Ct. App. for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction).

We lack jurisdiction over this attempted appeal. Accordingly, we order the appeal dismissed.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).